Filed 4/12/16  Hanassab v. Zloof CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NASSIR HANASSAB,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MOSHE ZLOOF et al.,<br><br>    Defendants and Respondents. | B258251<br><br>(Los Angeles County<br>Super. Ct. No. EC054884) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth Lippett, Judge.  Affirmed.

Ardalan & Associates, P. Christopher Ardalan and Mark K. Drew for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett, Timothy W. Kenna and Rebecca J. Smith for Defendants and Respondents.

———————————————

Plaintiff and appellant Nassir Hanassab appeals from a jury verdict finding defendant and respondent Serene Zloof not negligent in connection with a car accident. Hanassab contends that the trial court prejudiced him by excluding impeachment evidence. We reject that contention and affirm the judgment.

## BACKGROUND

On January 12, 2009, Hanassab and Zloof were in a car accident at Coldwater Canyon and Ventura Boulevard. According to Zloof, Hanassab was verbally and physically threatening. She therefore left the scene of the accident and drove to a nearby street where she called 911. Hanassab denied engaging in such behavior and instead contended that when Zloof drove away, he was knocked down and injured. Hanassab, in January 2011, therefore sued Zloof for, among other things, negligence.[1] On May 8, 2014, a jury found that Zloof was not negligent. Judgment was entered in Zloof's favor on June 16, 2014. This appeal followed.

## DISCUSSION

Hanassab's sole contention is the trial court prejudicially erred by excluding alleged impeachment evidence. We discern no error.

The impeachment issue arose in the context of Zloof's testimony that she left the scene of the accident because Hanassab became verbally and physically abusive. On leaving, she turned onto Dickens and then onto Valley Vista, where she stopped and called 911. This took about five minutes, going 10-to-20 miles per hour. To impeach this testimony, Hanassab wanted to call an "investigator," who, over the weekend of trial, "videotape[d] driving with a camera on the speedometer at 15 to 20 miles per hour, from the Coldwater and Ventura to time how long it would take" "to get around to Dickens where Ms. Zloof approximately said she had stopped. And then thereafter, to Valley Vista, and then back to Coldwater." This took the investigator less than five minutes to

---

[1] Hanassab also sued Zloof's father, Moshe Zloof, but trial proceeded and judgment was rendered as to Serene Zloof only.

2

drive. The trial court excluded the testimony and video,[2] because the proposed evidence was "tangential." The court noted that the intersection, time of day, traffic situation, and day of the week were all different than when the accident occurred. "[A]nd there are estimates . . . all over the place, height, weight. . . . It really is more confusing than anything else, and not relevant, and not helpful in the best case scenario for your case."

The trial court did not abuse its discretion by excluding the evidence. (See generally *People v. Jones* (2011) 51 Cal.4th 346, 373-374 [trial court has broad discretion in determining the relevance of evidence and assessing whether its prejudicial effect outweighs its probative value]; *People v. Waidla* (2000) 22 Cal.4th 690, 717; *Ceja v. Department of Transportation* (2011) 201 Cal.App.4th 1475, 1480-1481.) Evidence and experiments that purport to recreate an event "frequently present serious questions concerning similarity of conditions, accuracy of observations, and tendency to confuse rather than clarify issues." (*Schauf v. Southern Cal. Edison Co.* (1966) 243 Cal.App.2d 450, 455; see also *Deward v. Clough* (1966) 245 Cal.App.2d 439, 449.) In *Deward,* the plaintiff in a traffic accident case sought to introduce a "motion picture of the flow and movement of traffic at the site of the accident." (*Deward,* at p. 449.) The trial court properly excluded the film, taken two years after the accident, on the ground that the traffic pattern in the film did not necessarily coincide with the pattern at the time of the accident. (*Ibid.*; see *Ceja,* at pp. 1481-1482 [excluding evidence of prior accidents at location where the physical conditions had changed by the time of the accident at issue]; *Schauf,* at p. 455.)

Similarly, there were significant variations between the conditions under which the investigator took the video in 2014 and those under which Zloof was driving in 2009. In the five years since the accident, the intersection had been reconstructed. Moreover, the investigator's experiment was conducted on a weekend in light traffic, whereas the incident occurred on a weekday, at approximately 4:30 p.m., when traffic was heavy.

---

**2**     The video is not part of the record on appeal.

The evidence was, at most, only tangentially relevant to impeach Zloof's story about how fast she drove and how long it took her to get to Valley Vista.  It was therefore excludable under Evidence Code section 352.

Even if excluding the evidence was conceivably error, its exclusion did not prejudice Hanassab or otherwise result in a miscarriage of justice.  (Cal. Const., art. VI, § 13; Evid. Code, § 354; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [a miscarriage of justice exists only when " 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error' "].)  Given the dissimilarities in conditions from the time the accident occurred in 2009 and the time the video was taken in 2014, the evidence was not particularly compelling.  Moreover, Zloof's testimony was impeached by other means.  Hanassab's counsel elicited inconsistencies in Zloof's story about the route she took after leaving the scene of the accident.  Witnesses Steven and Michael Abrams followed Zloof when she left the scene of the accident.  According to the Abrams, Zloof drove away at 40-to-50 miles per hour, not the 15-to-20 she claimed.  Notwithstanding the exclusion of his investigator's testimony and the video, Hanassab impeached Zloof on the very issue he wanted the investigator to testify.

## DISPOSITION

The judgment is affirmed. Defendant and respondent may recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


EDMON, P. J.


LAVIN, J.